## John Norton and Bridget McIntyre, Appellants, *v.* Daniel H. Wingerd.

*Appeals—Findings of fact by court below—Attorney and client.*

Where the evidence taken in support of the answers to a bill, charging defendant with fraudulent management of business intrusted to him in the capacity of an attorney at law, fully sustains the finding of fact determined by the court below and the conclusions of law, that there never existed between the plaintiffs and defendant any relation such as attorney and client or as trustee and cestui que trust, the appellate court will not disturb a decree dismissing the bill.

Argued Nov. 18, 1898. Appeal, No. 169, Oct. T., 1898, by plaintiffs, from decree of C. P. Berks Co., Equity Docket, 1898, No. 702, dismissing bill in equity. Before Rice, P. J., Orlady, Smith, W. W. Porter and W. D. Porter, JJ. Affirmed.

Hearing on bill, answer and proofs. Before Ermentrout, P. J.

The bill alleged fraudulent conduct of defendant in the capacity of attorney at law acting for plaintiffs, alleging, inter alia, that Daniel H. Wingerd, Esq., the defendant, acted as attorney for James Norton, tenant by courtesy, and Bridget McIntyre,

one of the plaintiffs, and had permitted judgment to be entered against their property upon a municipal lien, and that upon a sheriff's sale of said property, had purchased the property for his own use through Bentley H. Smith, and that subsequently he had procured the said Bentley H. Smith to make a deed to Messrs. Rehr & Fricker, and had applied the purchase money, $650, to his individual use.

The prayer was to declare defendant a trustee as to two thirds of a sum of $650 alleged to have been received by him on the plaintiffs' account and two thirds of certain rent alleged to have been collected by him for said plaintiff.    The answer denied all the material allegations of the bill.    Testimony was taken in support of both bill and answer.    The court below made, inter alia, the following findings of fact and conclusions of law :

I find there was no employment of the defendant as attorney by the plaintiffs, no professional relation between them, no agency, and that at no time did he receive any funds or property belonging to them, nor was there anything said or done by the parties that would make him a trustee for them.

I find the allegation in the eleventh paragraph of plaintiffs' bill that the defendant, since 1880, received the rents, issues and profits as agent or attorney of James Norton, said to amount to about $15.00 a month, to be untrue.    That during the years 1880, 1881, 1882, 1883, 1884, 1885 and 1886, the property was in the hands and control of J. T. Jackson, as sequestrator of the estate of John Norton by virtue of the order of the court of common pleas of this county.

I find that Bentley H. Smith did not purchase said property for the defendant, Daniel H. Wingerd.

#### CONCLUSIONS OF LAW.

[ From the facts above found I conclude that there never existed between the plaintiffs and the defendant any relation as attorney and client or as trustee and cestui que trust.] [17]

#### DISCUSSION.

In point of fact, notwithstanding the service of the writs of scire facias upon the defendant as committee of John H. Norton, and as terre-tenant and the judgment against him as terre-tenant,

516    NORTON v. WINGERD.

Opinion of Court below—Opinion of the Court.    [9 Pa. Superior Ct.

he was not such committee and he was not such terre-tenant. [Being under no obligation to notify the plaintiffs of the course of the proceedings, he has done nothing to render himself liable to them in any way.] [20] As we have already seen, recognizing the fact that Mr. Wingerd was not the committee of Norton, service of the alias scire facias was made upon Norton personally. [The fact that judgment was rendered de terris against the defendant and that the property was sold partly upon the judgment thus obtained, is also of no consequence. It would simply estop him from asserting any adverse interest of his own against the purchaser, and he had no interest in it as attorney, agent or grantee of the plaintiffs.] [21]

I have not deemed it necessary to go into the facts minutely as detailed at some considerable length in the testimony. The plaintiffs proceeded upon the theory that the defendant was their attorney, their agent, and, as such, had received moneys belonging to them. [This theory is not sustained by the facts of the case,] [23] and the moment it sufficiently appears from the testimony that he was neither agent, attorney nor trustee, that he did not represent them, that he did not as agent, attorney, trustee or grantee, sell any of their property, or acquire any of their moneys, the entire case falls.

[And now, to wit: October 10, 1898, this cause came on further to be heard, whereupon it is ordered, adjudged and decreed that the bill be dismissed at the costs of the plaintiffs.] [27]

Plaintiffs appealed.

*Errors assigned* were to the findings of fact. (17) To the conclusion of law, reciting same. (20, 21, 23) To portions of the court's discussion of the law, reciting same. (27) To the decree dismissing the bill, reciting same.

*W. B. Bechtel*, for appellants.

*W. K. Stevens*, of *Stevens & Stevens*, with him *Charles M. Plank*, for appellee.

Opinion by Orlady, J., February 17, 1899:

The plaintiffs base their right to a decree in this proceeding in equity upon two facts: 1. That the defendant, as an attorney at law, was regularly employed to preserve their interest

in the reversion of a life estate, and, pursuant to this employment, acted for them. 2. While acting as attorney for the plaintiffs he fraudulently managed the business intrusted to his professional care, and made profit thereby. The prayer of the bill was to declare the defendant a trustee of two thirds of the profits of the enterprise. The evidence, taken in support and in denial of the bill, fully sustains the findings of fact as determined in the court below; and the conclusion of law, that there never existed between the plaintiffs and defendant any relation such as attorney and client, or as trustee and cestui que trust, correctly disposes of the case.

The assignments of error are overruled, and the decree is affirmed.